IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Gary Artz *and* Robyn Artz, ) | Civil Action No. 9:16-3193-RMG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Westgate Resorts, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Defendants' motion for attorneys' fees and costs. For the reasons set forth below, the Court denies the motion.

## I. Background

This action concerns a contract for the sale of timeshare interests in real property located in Florida. On August 10, 2016, Plaintiffs filed this action in the Beaufort County Court of Common Pleas, asserting causes of action for fraud, violation of Florida's Deceptive and Unfair Trade Practices Act, violation of Florida's Vacation Plan and Timesharing Act, exploitation of the elderly in violation of Florida Statutes Chapter 825, civil racketeering, and disgorgement of assets. On September 21, 2016, Defendants removed to this Court. A week later, on September 28, Defendants filed a motion to dismiss or to transfer. On October 12, 2016, Plaintiffs filed a voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure. On October 24, 2016, Defendants filed the present motion for an award of $18,822.50 in attorneys' fees and $40,000 in costs.

## II. Discussion

Defendants argue they are entitled to an award of fees and costs under the timeshare agreement's prevailing party clause. That clause provides, "In the event of any litigation arising

-1-

out of this Contract, the prevailing party will be entitled to recover its reasonable attorney's fees, including paralegal fees, and all costs and fees on appeal." (Dkt. No. 9-1 ¶ 15.) The contract includes a Florida choice of law clause, and, under Florida law, a defendant is the prevailing party even when the case is voluntarily dismissed without prejudice. *See Alhambra Homeowners Ass'n, Inc. v. Asad*, 943 So. 2d 316, 318 (Fla. Dist. Ct. App. 2006).

Plaintiffs respond that Defendants are not entitled to fees under the contract because no named Defendant was a party to the contract. Defendants use several legal entities to conduct their timeshare business, and although Plaintiffs named eight different entities, the parties agree that Plaintiffs failed to name the correct counterparty to the timeshare agreement. (*See* Dkt. Nos. 1-1 ¶ 10 & 10 at 3 (the correct contracting entity is "Westgate Lakes, LLC").) Plaintiffs also named fifty John Doe Defendants, but defense counsel seeking fees in the present motion represent only four named Defendants: Westgate GV at the Woods, LLC, Westgate Resorts, Ltd., CFI Resorts Management, Inc., and Central Florida Investments, Inc. None of those is party to the contract.

Under Florida law, nonparties cannot avail themselves of the rights and remedies a contract provides to prevailing parties. "A person not a party to nor in privity with a contract has no right to enforce it." *Gallagher v. Dupont*, 918 So. 2d 342, 347 (Fla. Dist. Ct. App. 2005). If Defendants wanted an award of fees under the contract, they should have moved to join Westgate Lakes, LLC as an essential party. If Defendants thereafter prevailed, Westgate Lakes, LLC would be entitled to an award of fees. Instead, they moved to dismiss the action in part because the named parties are not parties to the contract. (Dkt. No. 4.)

Defendants' contrary argument that Plaintiffs are somehow estopped from opposing an award of attorneys' fees rests entirely on *MCG Fin. Servs., L.L.C. v. Technogroup, Inc.*, 149 So. 3d 118 (Fla. Dist. Ct. App. 2014). (*See* Dkt. No. 9 at 3–4.) In *MCG*, at trial "all parties stipulated

that [defendants] Mason and MCG were the parties in interest to the contract. [Plaintiff] ABS claimed that Mason and MCG were bound by the contract, and Mason and MCG never argued otherwise." 149 So. 3d at 121. The trial court found in favor of MCG and Mason. *Id.* at 120.

> MCG and Mason then moved for attorney's fees relying on the contractual provision allowing fees. At the hearing, ABS was represented by a new attorney who argued that she was not bound by what ABS' prior attorney had alleged. ABS now claimed that the contract was between ABS and Lawen, not between ABS and MCG/Mason. The trial court accepted this argument and denied MCG and Mason fees because they were not parties to the contract. MCG and Mason appeal the denial of fees.

*Id.* The Florida appellate court of course held ABS was estopped from arguing against stipulations it made at trial. *Id.* Here, Defendants moved to dismiss this action in part because they are not parties to the contract, and Plaintiffs responded by dropping their suit. (*See* Dkt. No. 4 at 9; Dkt. No. 7.) In *MCG*, the defendants and plaintiffs stipulated at trial that they were parties to the contract. Further, in *MCG* the Florida appellate court held that "even if ABS were not estopped from denying the contract, the trial court's conclusion that MCG and Mason were not parties to the contract is contrary to all the evidence and stipulations at trial. . . . In the present case, a contract was formed because the parties agreed on the essential terms and intended to be bound." 149 So. 3d at 121. *MCG* is inapposite to the present case.

Plaintiffs also argue that they sued for fraud in the inducement and for statutory violations, not for breach of contract or other matters "arising out of" the contract." (Dkt. No. 10 at 4; *see also* Dkt. No. 1-2 ¶ 47.) Under Florida law, "where there is fraudulent inducement of a contract, the fraudulent misrepresentation vitiates every part of the contract." *D & M Jupiter, Inc. v. Friedopfer*, 853 So. 2d 485, 489 (Fla. Dist. Ct. App. 2003). Plaintiffs' fraud allegation, if true, vitiates the prevailing party clause. Thus, Court cannot award fees under the prevailing party clause without reaching the merits of Plaintiffs' fraud claim. If Defendants had answered the complaint and filed their motion to dismiss under Rule 12(c) of the Federal Rules of Civil

-4-

Procedure, the Court would have reached the merits of the parties' arguments (albeit perhaps at the cost of Defendants' jurisdictional challenge). Defendants instead chose to file no answer and to move for dismissal under Rule 12(b)(2), Rule 12(b)(3), and Rule 12(b)(6). Accordingly, Plaintiffs had every right to dismiss their complaint voluntarily without the Court assuming the validity of the contract. The Court cannot award Defendants attorneys' fees by assuming the allegations in the unanswered complaint are false.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants motion for an award of attorneys' fees (Dkt. No. 9).

**AND IT IS SO ORDERED.**

*/s/ Richard Mark Gergel*
Richard Mark Gergel
United States District Court Judge

January 3, 2017
Charleston, South Carolina